UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:19CR064 |
| | ) | |
| vs. | ) | |
| | ) | |
| ELLEN MADANS FROST | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF**
**ADMISSION OF RULE 404(b) EVIDENCE**

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and submits this memorandum in support of the introduction of evidence at trial as described in the Rule 404(b) Notice filed simultaneously with this memorandum.

Federal Rule of Evidence 404(b) establishes that evidence of another "crime, wrong, or other act" is admissible if offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id*. "The draftsmen of Rule 404(b) intended it to be construed as one of 'inclusion,' and not 'exclusion.' They intended to emphasize the admissibility of 'other crime' evidence." *United States v. Russell*, 971 F.2d 1098, 1106 (4th Cir. 1992) (quoting *United States v. Long*, 574 F.2d 761, 766 (3d Cir. 1978)); *see United States v. Van Metre,* 150 F.3d 339, 349 (4th Cir. 1998) ("Rule 404(b) is considered a rule of

1

inclusion."); *United States v. Bailey*, 990 F.2d 119, 122 (4th Cir. 1993) ("Rule 404(b) is an inclusionary and not an exclusionary rule.").

To admit the evidence discussed in the Rule 404(b) Notice, this Court should follow the four-part test enunciated in *United States v. Queen*, 132 F.3d 991 (4th Cir. 1997). In that case, the Fourth Circuit announced:

> [E]vidence of prior acts becomes admissible under Rules 404(b) and 403 if it meets the following criteria:
>
> (1) The evidence must be relevant to an issue, such as an element of the offense, and must not be offered to establish the general character of the defendant . . .
> (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense.
> (3) The evidence must be reliable. And
> (4) [T]he evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*Queen*, 132 F.3d at 997.

With regard to the first two criteria, the evidence here is relevant and probative, and it is "necessary" as defined by case law. "Evidence is necessary if it furnishes part of the context of the crime." *United States v. Aramony*, 88 F.3d 1369, 1377-78 (4th Cir. 1996) (quotation omitted).

As the indictment alleges, under North Carolina law an individual County Commissioner cannot take any official action, including causing expenditures of County funds, individually. The Board of Commissioners, acting in its corporate

2

capacity, must approve budget ordinances and amendments, and the expenditures of County money.

The indicted scheme and the 404(b) scheme are close in time. As the indictment alleges, the defendant began informing County Manager Greene of her desire that the County should be involved with assisting the Tryon Equestrian Center by early 2014, which is the same time period as the defendant was directing Greene to provide County money for the Owen barn project.

In both the Owen funding scheme and in the matters charged in the indictment, the defendant and Greene conspired to act unilaterally and without seeking a vote from, or even informing, the other commissioners.

In both schemes, when their actions began to come to light—whether through the Owen principal's appreciative email to all the commissioners, or a citizen's letter about the County's expenditures at the Palm Beach International Equestrian Center and the subsequent local newspaper article, as detailed in Paragraphs 99 through 103 of the indictment—Greene provided the other Commissioners with explanations that the defendant knew to be false. In both matters, the defendant failed to inform her fellow Commissioners of the truth, or to withdraw from the scheme, or to take any actions otherwise to bring the truth to light.

The 404(b) evidence therefore is relevant and probative to show the defendant's knowledge of Greene's ability to fund a pet project for the defendant

3

without informing the other Commissioners or obtaining lawful authorization. The 404(b) evidence would help prove that the defendant understood, in regards to the indicted scheme, that she and Greene would likely have the ability and opportunity to do so again, although on a much grander scale.

The 404(b) evidence is also relevant to prove the defendant's plan, knowledge, and intent with regard to the unauthorized spending of $577,000 on equestrian enterprises. As the Fourth Circuit has made clear, "[a] not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar crimes when that evidence proves criminal intent." *Van Metre*, 150 F.3d at 350.

The evidence will also serve to rebut any claim of mistake or accident by the defendant, both as to the scheme to spend the money and as to her complicity in the false cover story given to her fellow Commissioners. Such evidence of concealment is relevant and admissible to show intent. *See United States v. Ellis*, 326 F.3d 550, 557 (4th Cir. 2003) (noting that "concealment, the most common example of intent to defraud or mislead, can show an intent to defraud or mislead"). Accordingly, the Court should allow the admission of this evidence pursuant to Fed. R. Evid. 404(b).

With regard to the third *Queen* criterion, the 404(b) evidence is reliable. It would consist largely of official Buncombe County Government emails among the defendant, Ms. Greene, the Owen High School officials, and the other Commissioner.

"[E]vidence is reliable and should be submitted to the fact finder unless it is so preposterous that it could not be believed by a rational and properly instructed juror." *Id*. The Court should be guided by the overall principal that "such evidence is generally admissible except when it is offered to prove the character of a person in order to show action in conformity therewith." *Queen*, 132 F.3d 991, 994 (4th Cir. 1997) (quotation omitted). Put differently, under Rule 404(b), "any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character." *United States v. Cassell*, 292 F.3d 788, 795 (D.C. Cir. 2002).

Finally, as to the fourth *Queen* criterion, the danger of unfair prejudice is minimal. The 404(b) evidence involves the one-time expenditure of $20,000 within the County, for the benefit of a County high school, albeit that this was a surreptitious and unauthorized expenditure, with subsequent false statements made to conceal it from the other Commissioners. This is significantly less potentially inflammatory to the jury than the charged scheme, involving as it does the defendant and Greene conspiring to send a total of almost 30 times as much County money to private out-of-County entities over the course of a year and a half, and to keep that fact concealed.

The best method for guarding against any potential "unfair prejudice" for the Rule 404(b) evidence discussed herein would be with appropriate limiting

instructions. With such instructions, there should be little fear that the jury would "subordinate reason to emotion in the factfinding process." *Queen*, 132 F.3d at 997. "[J]uries are presumed to follow their instructions," *Richardson v. Marsh*, 481 U.S. 200, 211 (1987), and the Fourth Circuit has recognized this principle repeatedly in the Fed. R. Evid. 404(b) context. *See Queen*, 132 F.3d at 997 ("In cases where the trial judge has given a limiting instruction on the use of Rule 404(b), the fear that the jury may improperly use the evidence subsides."); *accord United States v. White*, 405 F.3d 208, 213 (4th Cir. 2005); *Van Metre,* 150 F.3d at 352-53.

Respectfully submitted, this 27th day of September, 2019.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

/s/ Richard Lee Edwards

RICHARD LEE EDWARDS
ASSISTANT U. S. ATTORNEY
N.C. Bar Number 30205
100 Otis Street
Asheville, NC 28801
Telephone: (828) 271-4661
Fax: (828) 271-4670
E-mail: Richard.Edwards2@usdoj.gov