IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-CR-00064-RJC-DSC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ELLEN MADANS FROST | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's Motion to Dismiss the Indictment, (Doc. No. 38), and the government's response, (Doc. No. 40).

Federal Rule of Criminal Procedure 12(b)(3)(B) allows a defendant to challenge an indictment prior to trial for failing to state an offense. Such a challenge is ordinarily limited to the allegations in the indictment and does not involve reviewing the sufficiency of the evidence supporting an indictment. United States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012). "[A]n indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." United States v. Rendelman, 641 F.3d 36, 44 (4th Cir. 2011).

Here, Count One of the Indictment alleges a conspiracy to commit federal program fraud in violation of 18 U.S.C. § 666(a)(1)(A) through knowing conversion to the use of a person not the rightful owner and intentional misapplication of property that was under the control of a local government, in violation of 18 U.S.C. § 371. (Doc. No. 1 at 22-23). Counts Two through Six allege particular payments

1

totaling $575,000 made with County funds in violation of § 666(a)(1)(A). (Id. at 24). Counts Seven through Eleven allege those payments were knowingly mailed for the purpose of executing a scheme to defraud or obtaining money or property by false pretenses. (Id. at 25-26).

The defendant does not contend that the allegations in the Indictment are insufficient to state offenses, but rather characterizes her actions as involving a "pet project" of "advertising" to benefit Buncombe County. (Doc. No. 38: Motion at 5). In light of the recent decision in Kelly v. United States, 140 S. Ct. 1565 (2020), she argues that because the object of her scheme was not to obtain "property," she cannot be convicted of violating § 666. (Id. at 8). Additionally, she argues that without proof of a corrupt purpose, conversion, misapplication, and obtaining property charges in this case are mere procedural law violations, not federal offenses of program and mail fraud. (Id. at 10-13).

It is a clever argument, but an argument that requires for its success, a view of the evidence in accord with Kelly but different from that cited in the indictment. The Court is not permitted at this stage to make that leap in its review of the allegations. The allegations in the indictment, which are the proper focus of the Court's inquiry at this stage in the proceedings, are clearly sufficient to state the offenses of § 371 conspiracy, § 666 program fraud, and § 1341 mail fraud. Count One alleges the misapplication of the County's "property" (money) to benefit a third party, that is, the Asheville Regional Airport. It further alleges that the defendant's misappropriation benefitted both herself through the enjoyment of VIP hospitality

tables provided to sponsors, and other persons not the rightful owner of the funds, such as "MB," the individual who controlled all the entities that received County funds in the form of advertising sponsorships in the name of the airport. (Doc. No. 1 at 8, 13-21, 23, 26). The Indictment goes on to allege the defendant and her named co-conspirator intentionally failed to inform the County Board of Commissioners about the scheme, believing that the expenditures would not be approved, and willfully acted to maintain the secrecy of their actions which "surreptitiously" caused the County to make payments to MB's entities without lawful authority. (Id. at 23, 25). Thus, any requirement of corrupt purpose for program fraud in Counts Two through Six and mail fraud in Counts Seven through Eleven is sufficiently charged in the allegations of intentional misapplication of property under § 666 and knowing use of the mail to execute an intentionally devised scheme to defraud and to obtain property. (Id. at 24-26). Accordingly, the Court finds that the Indictment sufficiently alleges the essential elements of the offenses and protects the defendant from double jeopardy.

**IT IS, THEREFORE ORDERED** that the defendant's Motion to Dismiss, (Doc. No. 38), is **DENIED**.

Signed: July 20, 2020

Robert J. Conrad, Jr.
United States District Judge